IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) ) No. 1:16-cv-1170- |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NW IN PLASTERING LLC, an Indiana domestic limited liability company, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, **NW IN PLASTERING LLC,** as follows:

## COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, (the "Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons and Operative Plasterers and Cement Masons International Association and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

  4. Defendants, **NW IN PLASTERING LLC** ("**NW IN**") is an employer engaged in an industry affecting commerce.

  5. Since June 1, 1993, **NIMS CONSTRUCTION ("NIMS")** entered into collective bargaining agreements with the Union pursuant to which it was required to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A")

  6. By virtue of certain provisions contained in the collective bargaining agreements, **NIMS** was bound by the Trust Agreement establishing the Funds.

  7. **NW IN** is liable for unpaid benefits for bargaining unit employees, as **NW IN** is the alter ego to **NIMS** under applicable labor relations theory in that:

    a. Officers of **NIMS** controls(ed) the labor relations policy making of both companies;

    b. The companies are interrelated and share common employees, equipment, materials and jobs in that **NW IN** uses some of the foregoing which previously and/or currently were used by **NIMS**;

    c. The companies share common management, and

    d. On information and belief the companies share common ownership.

    e. **NW IN** was set up to evade **NIMS'S** collective bargaining agreement.

 8. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **NW IN** for its employees and for benefits owed but not paid by **NIMS** for its cement masons employees.

 WHEREFORE, Plaintiffs pray for relief as follows:

 A. **NW IN** and **NIMS** be ordered to submit to an audit for **January 2014 to the present.**

 B. Judgment be entered in favor of Plaintiffs and against **NW IN** in the amount of benefits owed but unpaid by **NW IN**.

 C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

 D. **NW IN** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

 E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**MARK MCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS**


By: s/ Donald D. Schwartz
     One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415